Commonwealth ex rel. Santiago, Appellant, *v.* Myers.

Submitted September 28, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*A. L. Gambatese,* for appellant.

*James R. Dailey,* Assistant District Attorney, and *William E. Pfadt,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 12, 1970:

This is an appeal from an order of the Court of Common Pleas, Criminal Division, of Erie County, dismissing, without a hearing, the appellant's petition under the Post Conviction Hearing Act.

Appellant, after indictment and trial, was convicted by a jury of murder in the first degree, and sentence was fixed at life imprisonment. Through his counsel, appellant filed post-trial motions alleging, *inter alia,* that the court erred in refusing to grant his motion to withdraw a juror and declare a mistrial on the grounds that three jurors and an alternate juror had heard, prior to the commencement of the trial, highly prejudicial remarks made by a Commonwealth witness outside the courtroom.

Later, before sentencing, the appellant changed his mind and the post-trial motions were withdrawn. In appellant's Post Conviction Hearing Act petition, he alleges that he decided not to appeal after being advised by counsel that he could get the death penalty after a second trial despite the jury's recommendation of a life sentence. There was no possibility of appellant receiving the death penalty at a second trial. As we said in *Commonwealth v. Littlejohn,* 433 Pa. 336, 343, 250 A. 2d 811 (1969): ". . . [T]he risk of the death penalty is an unconstitutional condition to the right of appeal."

If these allegations are true and appellant's attorney did erroneously warn his client that a second trial would again put his life in jeopardy, appellant cannot be said to have waived his right of appeal freely and intelligently. A decision not to appeal motivated by a

fear of the death penalty is not a freely made decision. It was error for the court to have dismissed appellant's petition without holding a hearing on the facts surrounding this issue.

We shall remand the case with directions that a hearing be held. If, after such hearing, it is found that appellant's allegations are correct and he did not intelligently waive his right of appeal, appellant must be granted the right to file post-trial motions, nunc pro tunc, and, if necessary, pursue an appeal from the judgment of sentence. We, obviously, cannot deal with the merits of the alleged trial error before the matter has been decided below, if, indeed, the court below should determine that appellant did not waive his right of appeal.

Order vacated and case remanded for further proceedings consistent with the views expressed herein.